Labrie et. al. v. Vermont Dep't of Taxes, No. 302-7-13 Wmcv (Wesley, J. May 9, 2014).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Windham Unit | Docket No. 302-7-13 Wmcv |

Labrie et al vs. Vermont Department of Taxes

## ENTRY REGARDING MOTION

Count 1, Appeal - Tax (302-7-13 Wmcv)

Title:        Motion for Summary Judgment (Motion 2)
Filer:        Vermont Department of Taxes
Attorney:     Will S. Baker
Filed Date:   December 19, 2013

Response filed on 02/05/2014 by Attorney William M. McCarty for Plaintiff Robert A. Labrie
Response filed on 02/06/2014 by Attorney William M. McCarty for Plaintiff Robert A. Labrie
        Signed Copy of Response by plff.
Response filed on 02/14/2014 by Attorney Will S. Baker for Defendant Vermont Department of Taxes

**The motion is GRANTED.**

**Opinion and Order**
**Granting Summary Judgment to the Vermont Department of Taxes**

Robert and Dolores LaBrie appeal from a decision by the Vermont Department of Taxes (The Department). The LaBries own 280.5 acres in Townshend. They use the property to operate a business in which they breed, raise, and train Friesian horses. The business also hosts camps and demonstrations and provides riding lessons, cottage rentals, and horse-drawn carriage rides. The Department has enrolled the land in the Agricultural and Managed Forest Land Use Value Program (Current Use Program). The Department refused to enroll the buildings in the Current Use Program because the LaBries received more than half of their income from non-farming activities. The appeal centers on what activities qualify as farming.

The Department moved for summary judgment on December 19, 2013. The Department argued the LaBries are not entitled to have their buildings enrolled in the Current Use Program because, for each of the years the LaBries applied, they had more non-farm income than farm income. In making this determination, the Department did not include income related to lessons, training, camps, carriage rides, cottage rentals, and similar activities as farm income. The Department only included income from the sale of horses as farm income. The Department also considered income from investments as non-farm income. The LaBries opposed summary judgment on February 6, 2014. They argued all the horse-related income is farm income. The LaBries further argue the Department's interpretation violates the policy behind the agricultural use exemptions. The Department responded to the opposition on February 14, 2014. The

parties do not dispute that if the Court treats the income from lessons, rentals, and camps as farming income, then more than half of the LaBries' income comes from farming.

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The Court makes all reasonable inferences and resolves all doubts in favor of the non-moving party. *Lamay v. State*, 2012 VT 49, ¶ 6, 191 Vt. 635.

Under 32 V.S.A. § 3752(14), farm buildings may be enrolled in the Current Use Program if the applicant meets certain requirements. The buildings must be "actively used by a farmer as part of a farming operation, are owned by a farmer or leased to a farmer…" 32 V.S.A. § 3742(14). A farmer is a person "who earns at least one-half of the farmer's annual gross income from the business of farming as that term is defined in Regulation 1.175-3 issued under the Internal Revenue Code of 1986." 32 V.S.A. § 3742(7)(A). A farmer is a person who manages a farm for profit. 26 C.F.R. § 1.175–3. A person who engages in farming "for recreation or pleasure rather than a profit is not engaged in the business of farming." *Id.* "[F]arm is used in its ordinary, accepted sense and includes stock, dairy, poultry, fish, fruit, and truck farms, and also plantations, ranches, ranges, and orchards." *Id.* A person claiming an exemption bears the burden of proof that the person is entitled to the exemption. 32 V.S.A. § 3755(e).

Vermont cases do not define the meaning of farming. Nevertheless, two cases provide guidance on how the Court should interpret tax exemptions. *Our Lady of Ephesus House of Prayer, Inc. v. Town of Jamaica* considered whether a horse-barn was entitled to a tax exemption because it allowed clergy to use the property. *See* 2005 VT 16, ¶¶ 1, 4, 178 Vt. 35. The Court rejected the taxpayer's argument. *Id.* ¶ 1. The Court noted, "in construing tax exemptions, the burden is on the person claiming the benefit of the exemption, and the exemption statute must be strictly construed against that person." *Id.* ¶ 14 (internal citations omitted); *see also Brownington Ctr. Church of Brownington, Vt., Inc. v. Irasburg*, 2013 VT 99, ¶ 9 (reiterating statutes offering tax exemptions must be strictly construed).

In *Mollica v. Division of Property Valuation and Review*, the Vermont Supreme Court considered whether a cottage used on a Christmas tree-farm qualified for an agricultural use exemption. *See* 2008 VT 60, ¶¶ 1–2, 184 Vt. 83. The taxpayers engaged in tree farming most of the year, but used the cottage for other purposes in the off-season. *Id.* ¶ 2. The Department disallowed the cottage as "a development" under 32 V.S.A. § 3752(5). Following a de novo trial, the Superior Court rejected the Department's characterization, and the Supreme Court affirmed. The Supreme Court found that the Department's construction was strained, and failed to conform to explicitly stated legislative policies. *Id.* ¶ 20 Although courts usually defer to decisions by administrative agencies that interpret statutes within their expertise, the Current Use Program is remedial in nature and does not require deference. *Id.* ¶¶ 9–10. Courts should therefore interpret the statute to maintain agricultural land. *Id.* ¶ 13.

Cases from bankruptcy courts provide guidance on whether lessons and training qualifies as farming activities. *See In re Poe*, 62 Collier Bankr.Cas.2d 365 (Bankr. N.D.W.Va. 2009). To file for chapter 12 bankruptcy, which applies to family farmers, a debtor must show half of the debtor's income comes from a farming operation , the same test employed for buildings claimed to be part of a farming operation under the Current Use program. *See id.; see also* 11 U.S.C. § 101(18). In *Poe*, the debtor trained and boarded horses and raised cattle. 62 Collier Bankr.Cas.2d 365. Bankruptcy courts split over whether training and boarding horses

qualified as a farming activity and cited four cases applying different analyses. *Id.* The court concluded training and boarding horses was not a farming activity because it did not contain the types of risks, such as death of animal, that raising livestock typically involves. *Id.* Therefore, the Court denied the debtor's filing. *See id.; see also In re Jones*, 66 Collier Bankr. Cas.2d 62 (Bankr. D.Or. 2011) (refusing to include horse boarding fees as part of a debtor's farming income).

*In re McKillips* also considered a similar issue. *See* 72 B.R. 565, 568–69 (Bankr. N.D.Ill. 1987). In *McKillips*, the debtors filed for a chapter twelve bankruptcy for their horse breeding, training, and showing operation. *Id.* at 567. Horse showing and training do not fall within the traditional definition of farming or ranching. *Id.* at 567–68. Only breeding and selling horses fell within the definition of farming operation. *See id.* at 568–69. Profits from raising and training horses did not fall within the definition of farming operation because they are fee based and do not contain the same risks of weather and illness that farming entails. *See id.* The court rejected the debtor's filing because less than half of the debtor's income came from farming. *Id.* at 569.

This Court is persuaded by the reasoning in the above-cited bankruptcy cases, applying an identical guideline for determining what activities qualify as farm income.  In this case, the LaBries are not entitled to have their buildings enrolled in the Current Use Program because more than half of their income came from non-farming activities. Specifically, offering lessons, camps, cottage rentals, and carriage ride are not farming activities.  Notwithstanding the remedial policies of the Current Use Program, it still requires taxpayers to prove they qualify for an exemption. *See* 32 V.S.A. § 3755(e); *Ephesus House*, 2005 VT 16, ¶ 14.[1]  Under 26 C.F.R. § 1.175–3, farming activities includes raising crops and livestock. None of the LaBries' supplemental activities are the listed types of farming in 26 C.F.R. § 1.175–3. The supplemental activities are dissimilar in type from the listed types of farming. The Department correctly interpreted this definition to mean selling horses is a farming activity but providing lessons, cottage rentals, and carriage rides is not.

The situation here is similar to the one described in *McKillips*. *See* 72 B.R. at 568–69, which also addressed the allocation of farm and non-farm income in the context of breeding and raising horses. *See id.* The bankruptcy court determined training horses, which is fee based, is not a farming operation because it does not contain the same risks as farming. *See id.* In this case, the LaBries' demonstrations, lessons, camps, and carriage rides are also fee based and do not qualify as farming. The reasoning is also consistent with *Poe.* 62 Collier Bankr.Cas.2d 365. Further, training horses does not fall under the traditional definition of farming. *See McKillips*, 72 B.R. at 567–68.  Indeed, the LaBries' claims for farm-related activities are even further attenuated because they go beyond the fees charged for training horses,  to include those associated with camp offerings, cottage rentals, and carriage rides. *See id.* at 567–69. In the absence of explicit statutory recognition, the Court cannot conclude that these activities are part of farming "in its ordinary and accepted sense." 26 C.F.R. § 1.175–3. Rather, camps, cottage rentals, and carriage rides are more typical of resort activities than farming.[2]

---

[1] *Mollica*, does not compel a different conclusion.  That case turned on the off-season use of the building, and did not involve the application of the income test at issue here.

[2] The summary judgment record raises a significant question as to whether the LaBries are entitled to enrollment in the Current Use Program because they are operating a farm for pleasure. Under 26 C.F.R. § 1.175–3, a person who engages in farming for recreation or pleasure is not a farmer. In their memorandum of law, the LaBries wrote: "The LaBries, in their farm operation have suffered losses since 2002, and have no gross income as defined by the I.R.C." The LaBries also stated the farm became operational in 2002. That is, the LaBries have never shown a profit

In sum, the Court grants summary judgment in favor of the Department because there are no material disputed facts and the Department is entitled to judgment as a matter of law. *See* V.R.C.P. 56(a); *Lamay*, 2012 VT 49, ¶ 6. The Court rests its decision on its interpretation of 32 V.S.A. § 3742(7)(A) and 26 C.F.R. § 1.175–3 as excluding lessons, training, and cottage rentals as farming income. [3]

## Order

The Court **GRANTS** Appellee's motion for summary judgment. The appeal is **DENIED,** and the Commissioner's determination is **SUSTAINED.**

So ordered.

Electronically signed on May 08, 2014 at 04:25 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
William M. McCarty (ERN 3621), Attorney for Plaintiff Dolores Labrie
William M. McCarty (ERN 3621), Attorney for Plaintiff Robert A. Labrie
Will S. Baker (ERN 3383), Attorney for Defendant Vermont Department of Taxes

---

in their business since it began operating twelve years ago. The Internal Revenue Code creates a presumption that a person engages in for-profit horse breeding if the person can show profit in two out of seven years. 26 U.S.C. § 183(d). Where a person routinely fails to show a profit from horse breeding, the Internal Revenue Service may determine the person engages in a hobby rather than a for-profit activity. *See Bronson v. Comm'r of Internal Revenue*, T.C.Memo. 2012-17, *6 (T.C. 2012). Based on their representation of never making a profit from their business, the Court might conclude the LaBries are not farmers because they raise horses for pleasure rather than for profit. However, the Court need not decide this issue because it would require further facts and the parties have not briefed it.

[3] Although not raised by the parties, the Department would also be entitled to summary judgment on procedural grounds. Under V.R.C.P. 56(c)(1),(3), a party seeking to dispute a fact must attach a statement of disputed facts with citations to the record. Where a party fails to attach a statement of disputed facts, the Court may accept the facts recited in the statement of undisputed facts. *See* V.R.C.P. 56(e); *Gallipo v. Rutland*, 2005 VT 83, ¶¶ 31–33, 178 Vt. 244. Here, the Department attached a statement of undisputed facts that indicated more than half of the LaBries' gross income came from non-farm sources. *See* Appellee's Statement of Undisputed Material Facts, ¶ 20. The LaBries did not attach a statement of disputed material facts, as required by V.R.C.P. 56(c)(1), and thus admitted this fact. *See* V.R.C.P. 56(e); *Gallipo*, 2005 VT 83, ¶ 33. The LaBries attempt to dispute the facts within their memorandum of law, without a separate statement of disputed facts together with citations to the record, is ineffective to create disputed facts.